*874 ON MOTION
DYK, Circuit Judge.
ORDER
The Secretary of Veterans Affairs moves to waive the requirements of Fed. Cir. R. 27(f) and to dismiss Gregory E. Brooks’s appeal for lack of jurisdiction. Brooks has not responded.
The Court of Appeals for Veterans Claims affirmed the decision of the Board of Veterans’ Appeals denying entitlement to an effective date earlier that June 14, 1990 for the award of service-connected compensation for a schizoaffective disorder, ruling that the Board’s factual determination as to the proper effective date was not clearly erroneous. Brooks appealed to this court.
Pursuant to 38 U.S.C. § 7292, not every decision entered by the Court of Appeals for Veterans Claims is appealable. Section 7292(a) provides that a party may only seek review of a decision of the Court of Appeals for Veterans Claims with respect to the validity or interpretation of any statute or regulation relied on by the court in making its decision. Further, except to the extent that an appeal presents a constitutional issue, this court may not review “(A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case.” 38 U.S.C. § 7292(d)(2). If an appellant’s case does not meet these criteria, 38 U.S.C. § 7292(d) requires this court to dismiss the appeal. See In re Bailey, 182 F.3d 860 (Fed.Cir.1999).
Brooks argues in his informal brief that the effective date for his entitlement to benefits should be 1973, not June 14, 1990, because his illness was misdiagnosed and he received improper medical care. He states that “I believe the VA was in deliberate in 1973 (error), by failing to make a diagnosis of health.” Brooks does not challenge the validity or interpretation of any statute or regulation or raise a constitutional issue. Therefore, our limited jurisdiction does not permit review. See 38 U.S.C. § 7292.
Accordingly,
IT IS ORDERED THAT:
(1) The Secretary’s motion to waive the requirements of Fed. Cir. R. 27(f) is granted.
(2) The Secretary’s motion to dismiss is granted.
(3) Each side shall bear its own costs.